**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

LAKESHA R.,

Plaintiff,

v.

5:23-cv-00918 (AMN/ML)

COMMISSIONER OF SOCIAL SECURITY,

Defendant.

---

**APPEARANCES:** **OF COUNSEL:**

**HILLER COMERFORD INJURY & DISABILITY LAW**
6000 North Bailey Avenue
Suite 1A
Amherst, New York 14226
*Attorneys for Plaintiff*

**JUSTIN M. GOLDSTEIN, ESQ.**

**SOCIAL SECURITY ADMINISTRATION**
6401 Security Boulevard
Baltimore, Maryland 21235
*Attorneys for Defendant*

**GEOFFREY M. PETERS, ESQ.**

**Hon. Anne M. Nardacci, United States District Judge:**

**MEMORANDUM-DECISION AND ORDER**

## I. INTRODUCTION

On March 1, 2023, Plaintiff Lakesha R.[1] commenced this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of a final decision of the Commissioner of Social

---

[1] In accordance with the local practice of this Court, Plaintiff's last name has been abbreviated to protect her privacy.

Security ("Commissioner") denying her application for supplemental security income under the Social Security Act ("Complaint"). Dkt. No. 1.[2]

This matter was referred to United States Magistrate Judge Miroslav Lovric, who, on June 11, 2024, recommended that the Court deny Plaintiff's motion for judgment on the pleadings, Dkt. No. 10, grant the Commissioner's motion for judgment on the pleadings, Dkt. No. 13, dismiss the Complaint, Dkt. No. 1, and affirm the Commissioner's decision. Dkt. No. 15 ("Report-Recommendation"). Magistrate Judge Lovric advised that under 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c), the parties had fourteen days within which to file written objections and that failure to object to the Report-Recommendation within fourteen days would preclude appellate review. *Id.* at 16-17. Plaintiff filed timely objections on June 25, 2024, Dkt. No. 16, and Defendant filed a response to those objections on July 3, 2024. Dkt. No. 17.

For the reasons set forth below, the Court adopts the Report-Recommendation in its entirety.

## II. STANDARD OF REVIEW

This Court reviews *de novo* those portions of a magistrate judge's report-recommendation that have been properly preserved with a specific objection. *Petersen v. Astrue*, 2 F. Supp. 3d 223, 228 (N.D.N.Y. 2012); 28 U.S.C. § 636(b)(1)(C).[3] If no specific objections have been filed, this Court reviews a magistrate judge's report-recommendation for clear error. *See Petersen*, 2 F. Supp. 3d at 229 (citing Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition). Similarly, if an objection simply rehashes arguments originally presented to the magistrate judge,

---

[2] Citations to court documents utilize the pagination generated by CM/ECF, the Court's electronic filing system.

[3] "To be 'specific,' the objection must, with particularity, 'identify [1] the portions of the proposed findings, recommendations, or report to which it has an objection and [2] the basis for the objection.'" *Petersen*, 2 F. Supp. 3d at 228 (quoting N.D.N.Y. Local Rule 72.1(c)).

this Court reviews the relevant portions of the report-recommendation for clear error. *See id.* at 228-29 & n.6 (collecting cases). "When performing such a 'clear error' review, 'the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Dezarea W. v. Comm'r of Soc. Sec.*, No. 6:21-CV-01138 (MAD/TWD), 2023 WL 2552452, at *1 (N.D.N.Y. Mar. 17, 2023) (quoting *Canady v. Comm'r of Soc. Sec.*, No. 1:17-CV-0367 (GTS/WBC), 2017 WL 5484663, at *1 n.1 (N.D.N.Y. Nov. 14, 2017)). "[O]bjections that are merely perfunctory responses argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original [papers] will not suffice to invoke *de novo* review." *Vega v. Artuz*, No. 97-CV-3775, 2002 WL 31174466, at *1 (S.D.N.Y. Sept. 30, 2002). After appropriate review, "the court may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

## III. DISCUSSION

The Court adopts those aspects of the Report-Recommendation to which neither party has raised a specific objection, finding no clear error therein, including the background and legal framework set forth in the Report-Recommendation, familiarity with which is presumed for purposes of this decision. *See* Dkt. No. 15 at 1-19.

Plaintiff objects to the Report-Recommendation's finding that the administrative law judge's ("ALJ") evaluation of the medical opinions of Physician Assistant ("PA") Joseph Morabito and Dr. Viral Goradia were supported by substantial evidence. *Compare* Dkt. No. 16 at 1, *with* Dkt. No. 15 at 19-24. Plaintiff argues that the supportability and consistency[4] of the medical

[4] For claims filed after March 27, 2017, as is the case here, the ALJ must consider all medical opinions and evaluate their persuasiveness based on the following five factors: supportability; consistency; relationship with the claimant; specialization; and "other factors." 20 C.F.R. §§ 404.1520c(a)-(c); *see also Raymond M. v. Comm'r of Soc. Sec.*, No. 5:19-CV-1313 (ATB), 2021 WL 706645, at *8 (N.D.N.Y. Feb. 22, 2021) ("At their most basic, the amended regulations require

opinions of Dr. Goradia and PA Morabito were not properly analyzed in the ALJ's persuasiveness determinations, warranting remand. *See* Dkt. No 16 at 13-24.

The Court finds that Plaintiff's objections largely restate arguments already presented to—and addressed by—Magistrate Judge Lovric. *Compare* Dkt. No. 16, *with* Dkt. Nos. 10, 14, 15. The Court finds no clear error in the treatment of these arguments in the Report-Recommendation. *See* Dkt. No. 15 at 19-24; *see also Petersen*, 2 F. Supp. 3d at 228-29 & n.6.

To the extent Plaintiff raises a specific objection regarding the fact that certain of Plaintiff's medical examinations with PA Morabito were not in-person (*i.e.*, through telehealth appointments), the Court reviews that argument *de novo*. *See* Dkt. No. 16 at 16-18. As an initial matter, Plaintiff fails to describe how the medium of PA Morabito's examinations impacts the ALJ's findings that PA Morabito's conclusions were partially persuasive. As Magistrate Judge Lovric noted, his determination as to the persuasiveness of PA Morabito's conclusions was premised on the lack of support or explanation for (i) his opinion that Plaintiff had a mobility restriction requiring her to shift positions at will; and (ii) his estimates for time off task and absences. *See* Dkt. No. 15 at 14. Magistrate Judge Lovric further found that PA Morabito's persuasiveness was undermined by the fact that the opined limitations "appeared to be based solely on Plaintiff's [subjective] representations," *id.*, which the Second Circuit has recognized is a valid basis to discount an opinion in this context. *See, e.g.*, *Kimberly c. o/b/o J.N.L. v. Comm'r of Soc. Sec.*, No. 1:20-cv-1033 (GLS), 2022 WL 958126, at *2 (N.D.N.Y. Mar. 30, 2022) (citing, *inter alia*, *Gates v. Astrue*, 338 F. App'x 46, 49 (2d Cir. 2009)). Whether or not PA Morabito's

---

that the ALJ explain her findings regarding the supportability and consistency for each of the medical opinions, pointing to specific evidence in the record supporting those findings.") (quotation omitted).

evaluations of Plaintiff were performed in-person or through telehealth does not impact or remedy the deficiencies noted by the ALJ and affirmed by Magistrate Judge Lovric.

Additionally, the case law upon which Plaintiff relies for this argument is readily distinguishable. In *Kimberly S.B. v. Kijakazi*, No. 3:21-CV-0359 (DEP), 2022 WL 21852999 (N.D.N.Y. Sept. 28, 2022), the court remanded because "[t]he ALJ did not discuss any of th[e] relevant treatment evidence, nor explain how the fairly consistent observations of limited and painful range of motion in the left shoulder from late 2017 through 2020 . . . would not impose any limitation on plaintiff's abilit[ies]." *Id.* at *6. That is not the case here, *see* Dkt. No. 15 at 20 & n.4 (discussing the ALJ's review of PA Morabito's treatment notes and the broader medical record), and the *dicta* Plaintiff cites regarding notes from telehealth appointments was mentioned only to show that the record was unclear regarding how long the plaintiff's shoulder symptoms persisted after 2020. *See Kimberly S.B.*, 2022 WL 21852999 at *6. In *Nicholas Anthony T. v. Comm'r of Soc. Sec.*, No. 1:22-cv-10597, 2023 WL 6211844 (S.D.N.Y. Sept. 25, 2023), the court remanded because the ALJ failed to appropriately address a diagnosis from a psychiatric nurse practitioner that the plaintiff had social phobias and paranoia, of which "[t]he treatment record containe[d] significant support." *Id.* at *4. Again, the discussion regarding telehealth appointments was *dicta*, and was stated only to bolster the practitioner's diagnosis (when considered alongside other facts in the treatment record), which undermined the ALJ's negative persuasiveness determination of the practitioner. *Id.* at 5. Here, in contrast, the record contains *no* support for PA Morabito's aforementioned opinions apart from Plaintiff's subjective

complaints regarding stress, and his opinion is not "significantly supported" by the broader treatment record. *See* Dkt. No. 15 at 14.[5]

To the extent Plaintiff raises a specific objection regarding the ALJ's decision not to directly compare the opinions of PA Morabito and Dr. Goradia, the Court also reviews that argument *de novo*. *See* Dkt. No. 16 at 22-23. Plaintiff argues that, while Magistrate Judge Lovric recognized that the ALJ compared Dr. Goradia's opinions with the opinions of other treating physicians (Dr. Noia and Dr. Fernandez) in performing the persuasiveness analysis, Magistrate Judge Lovric failed to consider the lack of comparison of Dr. Goradia's opinion with that of PA Morabito. *Id*. at 22. Plaintiff argues remand is warranted because Dr. Goradia's negative persuasiveness determination was made in error due to this lack of direct comparison. *Id.* However, Plaintiff does not cite, and this Court is unaware of, case law mandating ALJs to compare all individual provider opinions before making a persuasiveness determination. Indeed, as Defendant correctly points out, the Second Circuit has historically maintained the opposite position: "[a]n ALJ does not have to state on the record every reason justifying a decision" or "discuss every piece of evidence submitted." Dkt. No. 17 at 8 (citing *Gauda v. Comm'r of Soc. Sec.*, No. 23-CV-594, 2024 WL 886595, at *2 (2d Cir. Mar. 1, 2024)); *see also Smalls v. Comm'r of Soc. Sec.*, No. 18-cv-00656, 2019 WL 13220965, at *4 (W.D.N.Y. Oct. 8, 2019) ("[i]t is within an ALJ's discretion to compare and contrast the various medical opinions, along with all other relevant evidence, to resolve the conflicts in the evidence and determine Plaintiff's RFC") (citing

[5] *Wendy V. v. Comm'r of Soc. Sec.*, No. 5:22-CV-1185 (LEK), 2024 WL 1069933 (N.D.N.Y. Mar. 12, 2024) is similarly inapposite because, in that case, the court found that the notes from telehealth sessions taken by a provider who saw the plaintiff multiple times per week should have been given more weight compared to the observations of consultants who had only seen the plaintiff once. *Id.* at 12. The outcome had nothing to do with the medium in which the provider met with the plaintiff, but the failure of the ALJ to consider the frequency of the meetings in making a persuasiveness determination. *Id.*

*Veino v. Barnhart*, 312 F.3d 578, 588 (2d Cir. 2002)); *see also Pike v. Kijakazi*, No. 23-CV-583-A, 2024 WL 554300, at *6 (W.D.N.Y. Feb. 12, 2024) ("In the end, that Plaintiff may disagree with the way the ALJ weighed the evidence provides no basis for this Court to disturb the ALJ's conclusion.") (citation omitted). Thus, the lack of comparison between Dr. Goradia and PA Morabito's opinions does not render the ALJ's analysis deficient.

The final argument warranting *de novo* review is Plaintiff's contention that "the ALJ should have obtained clarification of the opinions [of PA Morabito and Dr. Goradia] if the basis of the opinion was unclear." *See* Dkt. No. 16 at 24. This argument lacks merit. In contrast to the cases cited by Plaintiff, the administrative record in this case is not unclear or incomplete. To be considered unclear or incomplete, the record would need to be lacking opinions from the providers "as to the existence and severity of [Plaintiff's] disability." *Oliveras ex rel. Gonzalez v. Astrue*, No. 07-CV-2841, 2008 WL 2262618, at *6 (S.D.N.Y. May 30, 2008) (citation omitted). Plaintiff concedes both PA Morabito and Dr. Goradia rendered formal opinions regarding her disability. *See* Dkt. No. 16 at 18-20 (describing the substance of the opinions). And while Magistrate Judge Lovric agreed those opinions lacked sufficient explanation or documentary support, *see* Dkt. No. 15 at 20 ("PA Morabito did not explain the basis for his opinion…"), & 21 (Dr. Goradia's opinion had "no discussion of functional limitations that corresponded" to his opinion), that conclusion does not support a finding that the ALJ failed in her duty to develop the record. *See Pabon v. Barnhart*, 273 F. Supp. 2d 506, 514 (S.D.N.Y. 2003) ("[T]he duty to develop a full record . . . compels the ALJ . . . to obtain from the treating source expert opinions as to the nature and severity of the claimed disability . . .") (citation omitted); *see also Schillo v. Kijakazi*, 31 F.4th 64, 76 (2d Cir. 2022) ("deficiency in reasoning by a treating physician is not the same as a gap in treatment records"). On *de novo* review, the Court agrees with Magistrate Judge Lovric that the ALJ

developed a full record, *see* Dkt. No. 15 at 23, and thus Plaintiff's position that the ALJ should have sought further clarification regarding the opinions of PA Morabito and Dr. Goradia does not warrant remand.

Having reviewed Plaintiff's remaining arguments for clear error, and found none, the Report-Recommendation is adopted in its entirety.

## IV. CONCLUSION

Accordingly, the Court hereby

**ORDERS** that the Report-Recommendation, Dkt. No. 15, is **ADOPTED in its entirety**; and the Court further

**ORDERS** that Plaintiff's motion for judgment on the pleadings, Dkt. No. 10, is **DENIED**; and the Court further

**ORDERS** that the Commissioner's motion for judgment on the pleadings, Dkt. No. 13, is **GRANTED**; and the Court further

**ORDERS** that the Complaint, Dkt. No. 1, is **DISMISSED**; and the Court further

**ORDERS** that the Clerk serve a copy of this Memorandum-Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: July 24, 2024
Albany, New York

Anne M. Nardacci
Anne M. Nardacci
U.S. District Judge